

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,201-01

### EX PARTE ALAA ABBAS ELKHAFAGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1066700-A IN THE 339TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. **ALCALA, J., filed a concurring opinion.**

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Elkhafage v. State*, No. 14-07-00558-CR (Tex. App.—Houston [14th Dist.] Feb. 7, 2008) (not designated for publication).

Applicant contends, among other things, that he was incompetent. The trial court found that he failed to show that he was incompetent. This finding was based on the docket sheet and the plea papers. We believe that the trial court should make further findings of fact and conclusions of law on whether Applicant was incompetent.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04.

After reviewing Dr. Tom Gorsuch's psychological evaluation of Applicant in the record, particularly Gorsuch's conclusion that Applicant was "currently functioning at the elementary school level in all areas of learning," the trial court shall make further findings and conclusions as to whether Applicant was incompetent. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 18, 2017
Do not publish